The opinion of the Court was delivered by
Waedlaw, J.
The indictment alleges that the defendant “ on the first day of March, &c., at Chester, &c., unlawfully did sell-and retail spirituous liquors, that is to say, in quantities less than three gallons, he then and there not having any license or permit from” &c.
Here is no specification of a person to whom the unlicensed sale was made or of any other identifying circumstance which might designate the particular act of which the defendant was accused. The time and place which are alleged, are not distinctive: for time not being of the essence of the offence, a day different from the day laid may be proved, and the place being *313 only the vevue technically required, embraces the whole judicial district. In effect the accusation is general, that the defendant before the finding of the bill violated the license laws in Chester District. There is not even the continuando inserted in this indictment, which in cases for keeping a bawdy house, for being a common scold, or for other continuing nuisances, is usually introduced, and which serves to characterize those special offences that consist of an unlawful repetition of acts, and are excepted from the general rule which demands in an indictment a specific description of the act alleged to be criminal.
Formerly retailing without license was considered by some of the judges in this State, to be like keeping a'tavern without license, and to require for its completion a succession of acts. (See 2 N. & McC. 37; Dud. 43; The State v. McBride, 4 McC. 332.) Under that view an indictment that the defendant from a day certain to a day certain, or on a day certain and divers other days, did retail certain spirituous liquors without license to divers persons, might be sufficiently definite: b.ut the proof of a single act of retailing would not serve for conviction, unless it raised the presumption of other acts so many as to constitute the unlawful habit.
But it is now fully settled that the offence of retailing without license is made complete by a single act,' and that a conviction for one act of retailing does not bar a prosecution for another act, when both have preceded the finding of a bill of indictment for either. (See State v. Cassety, 1 Rich. 90; State v. Mooty, 3 Hill, 187.) Under this view it is indispensable that the act, which is to be proved for the establishment of a defendant’s guilt, should be in some way particularized in the indictment: so that it may appear to he the act, or one of the acts, which the grand jury presented, — that the defendant may know how to prepare for his defence — that the judgment of the Court may be guided by a verdict of conviction, — and that full effect in bar of other prosecutions may be given to an acquittal or conviction.
*314 It frequently occurs that out of the same transaction grow an indictment for trading with a slave, and another for retailing without license. In the former by specification of the slave dealt with, and of the article bought or sold, the act of unlawful trading is defined: and no reason can be seen for dispensing in the latter with all the allegations which might give exactness to the accusation. The case of the State vs. Anderson, 3 Rich., 175, shows that in an indictment for retailing without license, retailing to various third persons may be alleged in the same count, and that proof of retailing to either of them will be sufficient. A larger indulgence, which would permit proof of retailing to any and every body under a general allegation,“ seems not to be required for the proper enforcement of the law, and might be turned to purposes of oppression and injustice.
The motion in arrest of judgment is granted.
O’Neall, WxtheRS, Whither, Glover and Muhro, JJ., concurred.

Motion granted.